# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**DAVID N. PRENSKY,**

    Plaintiff,

        v.

**ASENATH E. ROUT,**

    Defendant.

Case No.: RWT 09cv3401

## MEMORANDUM OPINION

On December 15, 2009, Plaintiff David N. Prensky filed an Order To Docket Action To Foreclose a Deed of Trust on Residential Property against Defendant Asenath E. Rout in the Circuit Court for Prince George's County, Maryland, as Case No. 09-39892. See Paper No. 2. On December 22, 2009, Defendant filed a Notice of Removal with this Court, asserting that removal is proper because (i) the matter involves a federal question under 28 U.S.C. § 1331 and (ii) diversity exists under 28 U.S.C. § 1332 because he is a citizen of Maryland and First Savings Mortgage Corporation ("FSMC") is a Virginia corporation. See Paper No. 1. Plaintiff filed a Motion To Remand, see Paper No. 6, which Defendant opposed, see Paper No. 8. In his Opposition, Defendant argues that this action is properly removed to this Court because a related case he filed against FSMC, Civil Action No. RWT-09-3401, was removed to this Court by FSMC. See Paper No. 8, at 2.

Contrary to Defendant's assertions, this suit does not raise a federal question. This foreclosure action arises under state law and involves Defendant's breach of a promissory note and deed of trust. This Court lacks original jurisdiction over a defaulted note/state foreclosure proceeding.

Also contrary to Defendant's assertions, this action is not properly removable from the Circuit Court pursuant to this Court's diversity jurisdiction. Under 28 U.S.C. § 1441(b), actions not raising federal questions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant conceded that he is a citizen of Maryland, and this action was brought in Maryland. Therefore, § 1441(b) precludes removal in this case.

Finally, this Court cannot do an end run around § 1441 by exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367 either. Section 1367 allows plaintiffs to bring federal claims into federal court even though they are combined with state law claims that would not otherwise be within the federal court's jurisdiction. The statute is not, however, an independent source of removal jurisdiction. To remove a case from state court to federal court, Defendant must find a federal claim in the case to be removed, and, as mentioned, this action does not involve any federal claims. In other words, "[a]n already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action." In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995). Thus, Defendant's other case in this Court does not allow for removal of this state-court action.

Accordingly, the Court will, by separate order, grant Plaintiff's Motion To Remand [Paper No. 6] and remand the case to the Circuit Court for Prince George's County, Maryland for all further proceedings.

Date: May 3, 2010                                         /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE